**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **JULIENNE GEFFRARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| **RED SMITH FOODS, INC.,** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JULIENNE GEFFRARD ("Plaintiff" or "Geffrard"), and files her Complaint against Defendant, RED SMITH FOODS, INC. ("Defendant" or "RSF"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq.* ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination and retaliation against Plaintiff due to her sex and pregnancy.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

5. Plaintiff, Geffrard, is and was at all times material, a resident of the State of Florida, residing in Broward County.

6. Defendant, RSF, is a domestic for-profit corporation with its principal place of business in Davie, Florida.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 4145 S.W. 47th Avenue, Davie, Florida 33314 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about May 27, 2020, Plaintiff dual-file filed a claim with the Florida Commission on Human Relations (FCHR) and Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, and retaliation.

11. Plaintiff's EEOC Charge was filed within three hundred (300) days after the alleged unlawful employment practices.

12. On March 9, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant for approximately four (4) years and five (5) months.

15. Plaintiff worked for Defendant as a full-time Packer from 2014 until early 2019 when she transitioned to a part-time position.

16. Plaintiff is a female.

17. In or about December 2019, Plaintiff learned that she was pregnant.

18. Plaintiff verbally notified Michael Hoffman, General Manager, that she was pregnant.

19. Plaintiff's doctor advised Plaintiff she was able to work until on or about July 1, 2020 at which point she should begin her maternity leave.

20. Plaintiff provided a doctor's note stating the same to Mr. Hoffman.

21. Shortly thereafter, Defendant terminated Plaintiff's employment.

22. Mr. Hoffman stated Defendant was terminating Plaintiff because she was pregnant and Defendant did not want Plaintiff working while pregnant suggesting it was not good for her to work.

23. Mr. Hoffman then gave Plaintiff a termination letter that cited a wholly different reason for her termination, the letter stated, "due to a lack of work we cannot continue to employ you at Red Smith Foods."

24. Plaintiff was the only employee at her location Defendant terminated.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Sex and Pregnancy Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

28. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's pregnancy.

29. Defendant is prohibited under Title VII from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

30. Defendant violated Title VII by unlawfully discriminating against Plaintiff based on Plaintiff's pregnancy.

31. Defendant intentionally discriminated against Plaintiff based on Plaintiff's pregnancy.

32. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

33. Defendant's unlawful conduct in violation of Title VII is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of Title VII

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

35. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

36. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

37. Defendant's conduct violated Title VII.

38. Plaintiff has satisfied all statutory prerequisites for filing this action.

39. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count III: Pregnancy Discrimination in Violation of the FCRA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

43. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of Plaintiff's pregnancy.

44. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

45. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's pregnancy.

46. Defendant intentionally discriminated against Plaintiff based on Plaintiff's pregnancy.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

48. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## **Count IV: Sex-Based Discrimination in Violation of the FCRA**

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

50. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of Plaintiff's sex, female.

51. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of Plaintiff's sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

52. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her sex.

53. Defendant intentionally discriminated against Plaintiff based on her sex.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

55. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other, and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar Number: 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950

Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*